city of Brooklyn. On that day the respondent discharged them from their positions, and the sole question presented on this appeal is whether such discharge was lawful. The respondent was appointed commissioner of city works by the mayor on January 21, 1896, for the term of two years from the following 1st day of February, and the certificate of appointment, and the commissioner's oath of office, were on that day filed as required by law; and on January 29th the commissioner's official bond was approved by the common council, and filed with the city clerk. The provision of the charter of the city of Brooklyn applicable to the facts here present is as follows:

"The officer or officers at the head of any department may appoint and remove his and their clerks and assistants and other subordinates and fix their salaries; provided, however, that on and after the expiration of thirty days from the time that a new officer or officers shall have been appointed as such head of department, he or they may remove clerks and assistants only upon filing in writing the reasons for any removal with the city clerk, which reasons shall not be questioned in any other place, except that foreman, inspectors and laborers temporarily employed under the department of city works may be removed at any time at the pleasure of the head of such department." Charter, tit. 3, § 2 (Laws 1888, c. 583).

It is clear that the intent of the legislature was to give to newly-appointed heads of departments 30 days within which to make removals without assigning reasons therefor. This power evidently could not be exercised until the head of the department entered upon the discharge of his duties. The 30 days, therefore, began to run at the commencement of the appointee's term of office. The respondent was appointed on January 21st, but his term of office did not begin until February 1st, and he did not enter upon the discharge of his duties until the latter date. Beginning with that date, for a period of 30 days he was empowered to make removals of employés in his department without assigning any reason for his action. As the petitioners were removed from their positions on February 29th, their discharge, therefore, was lawful.

The order must be affirmed, with $10 costs and disbursements. All concur.

---

REYNOLDS v. AETNA LIFE INS. CO. et al.

(Supreme Court, Appellate Division, Second Department. June 16, 1896.)

1. JUDGMENT—ENTRY—FORM OF DECISION.

In an action by a receiver in supplementary proceedings to set aside an assignment of policies on the life of a judgment debtor, and to impress a trust on the proceeds of the policies, the judge handed down a memorandum of decision discussing certain questions of law, but not formally stating a determination of all the issues involved or any direction to enter judgment except the words, "Judgment for defendants, with costs." But it stated, first, plaintiff's legal right to the policy, then stated a conclusion on two questions of fact, followed by a discussion of plaintiff's claim against certain of the defendants, but not deciding plaintiff's claim as against the other defendants. *Held*, that such decision was insufficient to authorize the entry of a judgment dismissing the complaint and awarding costs; Code Civ. Proc. § 1022, as amended by Laws 1895, providing that the decision may state separately the facts found and conclusions

of law, and direct the judgment to be entered thereon, or the court may file a decision stating concisely the grounds on which the issues have been decided, and direct judgment to be entered thereon, and that, where costs are in the discretion of the court, the decision must award or deny costs, and, if it award costs, it must designate the party to whom the costs are awarded.

2. INTERPLEADER—EFFECT OF JUDGMENT—CLAIM OF THIRD PERSON.

In an action of interpleader between two claimants of a life insurance policy, an order awarding it to one of the claimants as against the other will not justify the insurance company in paying the amount to such person, where it had knowledge of the fact that a third person, not a party to such interpleader action, held the legal title to the policy.

Appeal from special term, Kings county.

Action by Frank Reynolds, as receiver of Richard Worthington, against the Aetna Life Insurance Company and others, to set aside assignments of certain insurance policies, and to impress a trust on the proceeds of the policies. From an order denying plaintiff's motion vacating and setting aside, as irregular and unauthorized, the judgment entered thereon, and from the judgment which dismissed the complaint on the merits, with costs, plaintiff appeals. Reversed.

The decision of Mr. Justice CULLEN at special term is as follows:

I am of the opinion that the two policies of insurance, payable to the judgment debtor or to his estate, were property which passed to the plaintiff as receiver in supplementary proceedings. This case is to be distinguished from all those cited by defendant's counsel. In those cases there was no property right in the judgment debtor, and never had been. So there was no title in the debtor to which his receiver could succeed. There was merely a trust or equity in favor of the creditor which it was held he alone could enforce. But in the case at bar this policy had a money surrender value, and was also capable of assignment or sale by the debtor. It seems, therefore, to come within the principle decided in Powell v. Waldron, 89 N. Y. 328, and to be property.

There are but two disputed questions of fact in this case, which I decide as follows: I find that Mr. Garabrant was not aware, at the time of his letter to the receiver, that these policies were payable to the defendant. Second. Though the question is not free from doubt, I find, in accordance with the weight of the testimony, that the defendant's counsel were not apprised of the institution of the present suit at the time of the payment of the money to and by the chamberlain, though I find they did know that a receiver had been appointed by the judgment debtor, Richard Worthington. and did contemplate the possibility of other claimants interfering with the settlement. It appears, without controversy, that, after and before the appointment of the plaintiff as receiver, the premiums on these policies were paid out of the Worthington Company's funds, and charged to the judgment debtor or to his wife. It does not appear that the company was insolvent. It is shown that the company was controlled and managed by the debtor, Worthington, as his own property, all the other stockholders acquiescing therein; that on the dissolution of the company the defendant Little was appointed receiver; that he instituted an action against the insurance company, Worthington, and his wife, to have these policies adjudged his property, pending which action Worthington died. After the death of Worthington, his widow and the defendant receiver made a compromise, by which she was to take three-eighths and the receiver five-eighths, and the policies be assigned to the receiver. The insurance company brought an interpleader suit against all parties claimant other than the present plaintiff. In that action the moneys were paid into court, and then paid out to the receiver and the defendant Margaret Worthington.

Having held that the legal title to the policies passed to the receiver, it follows that, had he given notice to the company of his rights, I should hold that he was entitled to recover of the insurance company their amounts, or, at

least, the amounts subject, it may be, to the equitable claims of others. But such relief is not sought in this action. The plaintiff has discharged the insurance company, and seeks to make the receiver and defendant Margaret Worthington repay the moneys paid to them. I cannot see how the money paid to the receiver can be impressed with a trust in favor of the plaintiff. The basis of the receiver's claim was not under the legal title to the policy, but in hostility to it. He did not claim the policies were payable to him, or that he had in any manner succeeded to the title of the payees, but that, by the improper application of the company's funds, a fraud had been committed, and that, by reason of the fraud, he was entitled to the policies. In this contention he was undoubtedly wrong, for it has been so held in the case of Little v. Garabrant (Sup.) 35 N. Y. Supp. 689. But he had a right to be wrong, as long as the claim was made in good faith. This claim he made to the insurance company during the life of Worthington, and after his death compromised with his widow, and obtained an assignment of her right to the policies.

I assume the law to be that, though the title to the policies vested in the receiver, plaintiff, until notice was given to the insurance company of his appointment and claim the company would be protected in payment to the person who held the apparent title, and as, at the time of the final settlement and payment, the receiver had received an assignment of the policies, it might be said he claimed under such apparent title, and hence was a trustee for the real owner. But the answer to this is that, whether the receiver had notice or not of the plaintiff's claim before the payment of the fund, the insurance company had notice, and, as already said, the plaintiff's claim is based, not on any equities between him and the defendants, but because he had the legal title to the chose in action. If, with this knowledge, the insurance company saw fit to pay the defendants, it was not relieved from liability to the plaintiff. If relieved, it is by the action of the plaintiff, and no agreement between plaintiff and the insurance company can affect the defendant's right. The case seems to fall exactly within the decisions in Patrick v. Metcalf, 37 N. Y. 332, and Butterworth v. Gould, 41 N. Y. 450. Nor is the case varied by the fact that the money was paid in pursuance of an order of the court. To the interpleader suit this plaintiff was not a party. The order appears to have been made on the motion of the defendant Little, receiver. But the insurance company does not seem to have resisted it. An affidavit showing a superior title in a person not a party would have been a complete answer to the application, and the plaintiff in that suit, the insurance company, should have either discontinued the suit or had this plaintiff made a party to it. If the order was erroneous, plaintiff should have appealed from it. It did neither. It chose to make the payment knowing plaintiff's superior title. This being so, the plaintiff's claim was unpaid. He had his remedy against the insurance company, not against the moneys paid the defendant, and his agreement with the insurance company could not increase his rights.

Judgment for defendants, with costs.

## On this decision the following judgment was entered by the clerk:

Ordered, adjudged, and decreed that the complaint herein be dismissed as to the defendants upon the merits of this action, and that the defendant Joseph J. Little, as receiver of the Worthington Company, have his costs, as taxed and adjusted by the clerk of this court, at the sum of $78.27, and that the defendants Margaret Worthington, individually and as administratrix of the goods, credits, and chattels of Richard Worthington, deceased, Mary Glover, and Jennie Doman, have their costs, as taxed and adjusted by the clerk of this court, at the sum of $79.35; and it is further ordered, adjudged, and decreed that the defendant Joseph J. Little, as receiver of the Worthington Company, recover judgment against the plaintiff, Frank Reynolds, as receiver of Richard Worthington, for the sum of seventy-eight and $27/100$ dollars ($78.27), and that the defendants Margaret Worthington, individually and as administratrix of the goods, credits, and chattels of Richard Worthington, deceased, Mary Glover, and Jennie Doman recover judgment against the plaintiff, Frank Reynolds, as receiver of Richard Worthington, for the sum of $79.35, and they have executions therefor.

Argued before BROWN, P. J., and PRATT, BARTLETT, and HATCH, JJ.

Frederic A. Ward, for appellant.
William S. Bennet, for Insurance Co.
James M. Fisk, for respondent Little.
William C. Davis, for respondent Margaret Worthington.

HATCH, J. This is an action in equity, brought to set aside assignments of certain insurance policies upon the life of Richard. Worthington, which were payable to himself if he survived a certain period and to his estate if he deceased prior thereto; also, to impress a trust upon the proceeds of the policies or of the moneys due thereon. Worthington having died before the period entitling him to receive the proceeds, the plaintiffs Little and Margaret Worthington made claim to said policies and their proceeds. The insurance company, under the direction of the court, has paid the sum represented by the policies into court, and the money thus paid has been, under the same order, paid over to the claimant Little, and a part of such moneys has been paid by the latter to the attorney of Margaret Worthington. The cause was tried before Mr. Justice Cullen, who decided the same and wrote an opinion therein. Upon this decision all the defendants except the insurance company entered judgment, dismissing plaintiff's complaint, with costs.

The appeal from the order and from the judgment were argued together, and may be disposed of in like manner. Prior to 1894, the provision of the Code of Civil Procedure (section 1022) required that the decision of the court must state separately the facts found and the conclusions of law, "and it must direct the judgment to be entered thereupon. In an action where the costs are in the discretion of the court, the decision　＊　＊　＊　must award or deny costs; and, if it awards costs, it must designate the party to whom costs, to be taxed, are awarded." This provision of the Code was amended in 1894 and again in 1895, the latter amendment to take effect January 1, 1896. So far as the particular point now under consideration is concerned, the amendments have not changed the law. The Code now provides that the decision may state separately the facts found and conclusions of law, and direct the judgment to be entered thereon, or the court may file a decision stating concisely the grounds upon which the issues have been decided, and direct the judgment to be entered thereon. The provisions respecting costs remain the same as before amendment. It is therefore plain that, when the court adopts the practice of stating concisely its decision, it does not dispense with the necessity of directing the judgment to be entered thereon. And where costs are discretionary it must also designate the party entitled thereto. This provision of the Code has in part been construed prior to the amendments, and, as they remain the same since, such decisions are applicable to the present controversy. In Clason v. Baldwin (Sup.) 13 N. Y. Supp. 371, the action was brought against the defendant as the executrix of her husband, and the conclusion of law, as found by the referee, was that the plaintiffs were entitled to judg-

ment against the defendant.    This was held not to be a compliance with the Code, and did not constitute a direction for judgment; that the clerk had no authority to enter judgment, and the same was wholly unauthorized and irregular.    In Paine v. Aldrich (Sup.) 13 N. Y. Supp. 455, it was held that the court must settle the judgment and direct that judgment to be entered.    Until this was done the clerk had no authority to act and could enter no judgment.

The decision in the present case contains no direction for the entering of judgment beyond the words, "Judgment for defendants, with costs."    It is quite evident that the learned judge did not intend that the decision which he handed down constituted a determination upon which judgment should be entered without further direction.    It was, in fact, a memorandum opinion, discussing the questions of law which the case presented, and did not pretend to formally state a determination of all the issues involved and direct the judgment to be entered.    It first states plaintiff's legal right and title to the policies of insurance, then states his conclusion upon two disputed questions of fact, followed by a discussion of plaintiff's claim against the defendants Little and Margaret Worthington.    It does not decide the issues between the plaintiff and the insurance company.    True, it states that the plaintiff has discharged the company, but this was said by way of enforcing the argument which the court was making, and not as a determination of that question.    It states, at the close, that plaintiff had his remedy against the insurance company.    The direction as to costs is not in compliance with the section.    Costs were in the discretion of the court, and the Code requires that the party to whom costs were awarded shall be designated.    It is quite evident that the reason for this rule rests in the fact, of which this case is an illustration, that the equities of the parties, where there are many, may be widely different, and that some parties may be equitably entitled to costs, and others not.    In the present case the court states that plaintiff has his remedy against the insurance company, and then awards costs in its favor, if this determination should be treated as a direction for judgment.    Upon the conclusion reached by the court as to the law of the case, it might be quite reasonable to award costs in favor of some of the defendants.    It would be quite repugnant to equity to award costs in favor of the insurance company or to render any judgment in its favor; and to meet such cases the Code requires that the specific designation shall be made when costs are awarded.

We are therefore of opinion that this memorandum was not intended as the formal decision of the case, but was rather a direction upon which such decision could be based; that it did not contain the direction for the entry of judgment or the award of costs which the Code contemplates, and furnished no authority for the clerk to enter the judgment which he did.    The order denying the motion to vacate and set aside the judgment must therefore be reversed, and the judgment be vacated and set aside.

This conclusion disposes of the appeal from the judgment; but, as the case was very elaborately argued, and as we have examined

the record, and as a new trial must be had, it is the view of the court that expression should be given of the conclusion we have reached upon the merits. The court below has held, and in that view we concur, that plaintiff became vested with the legal title to the policies of insurance upon his appointment and qualification as receiver. Powell v. Waldron, 89 N. Y. 328. The discussion and decision in Metcalf v. Del Valle, 64 Hun, 245, 19 N. Y. Supp. 16, affirmed 137 N. Y. 545, 33 N. E. 336, recognize the property right of the receiver in policies of life insurance. As the insured himself had a property right and the policies a surrender value at the time of plaintiff's appointment as receiver, that they became more valuable thereafter inured to the benefit of the legal title. There can be no question but that, from the time of the appointment of Little as receiver of the Worthington Company, he claimed title to these policies in active hostility to the right and title of plaintiff, and the same is true of Margaret Worthington. At no time did either of these parties recognize the right or title of plaintiff, but each made separate and independent claim to the policies and their proceeds. When the interpleader suit was brought by which Little and Margaret Worthington were made parties, the attitude of neither was changed with respect to the claims which each made, and each was in hostility to the claims of any other persons or parties. If the parties acted in good faith, it was clearly competent for them to arrive at an adjustment of their differences, and, with the sanction of the court, to carry out the compromise agreed upon. The court was authorized to make the order which it made in the interpleader action, and the parties thereto, acting in good faith, were authorized to accept the benefits which the order conferred. We can see no reason why each did not get good title to the moneys, as against plaintiff, within the doctrine of Patrick v. Metcalf, 37 N. Y. 332, and Butterworth v. Gould, 41 N. Y. 450.

It is, however, earnestly and ably argued that this conclusion overlooks the exception which exists to the rule of these cases, and entirely ignores plaintiff's equitable rights in the premises. This exception to the rule is probably stated as fairly and as strongly in Brown v. Brown, 40 Hun, 420, as in any other case to which our attention has been called. It is there said:

"But this rule rests upon the basis that the wrongful claimant obtains the money upon his own independent claim; that, in using his own, he does not prejudice his competitors; that he does not exercise any right or title of which he has wrongfully divested his competitor."

The rule, then, is that the money must be obtained upon an independent claim, and such claim must not prejudice another's right, or divest him of title. Plaintiff claims that Margaret Worthington obtained her title through her own fraud and that of Richard Worthington and Jennie Doman; that Little had no title or right except through the assignment from Margaret, which was fraudulent, and not based upon any claim or right which he held prior thereto. If we assume this to be true, how is plaintiff affected thereby? He had the legal title to these policies, and, as against him, the transfer by Richard and Margaret Worthington to Jen-

nie Doman, and by the latter to Margaret, and from her to Little, was absolutely void, and did not in any wise affect his title. None of these transfers was made until after his appointment as receiver, in consequence of which they were all void as to him. Such is the effect of the decisions in Bostwick v. Menck, 40 N. Y. 383, and Metcalf v. Del Valle, supra. He could not be prejudiced in a legal sense by transfers void as to him. Had he brought his action against the insurance company, the existence of these fraudulent transfers raised no barrier to his success. They would all have gone down before his legal title. Their existence, therefore, did not prejudice him, and, however often they were made, divested him of no title. He could still pursue the original debtor and collect of it his rightful claim, and all transfers, orders, and determinations to which he was not a party did not operate in the slightest to defeat or impair his legal right. The rule would be different if the insurance company, in ignorance of the legal right, and upon apparent title, paid the sums due to the wrongful claimant. But such is not the fact here. This leads us to the conclusion that plaintiff does not bring himself within the exception he seeks to invoke.

In this view of the case it is not material to inquire whether Little and Margaret Worthington had notice of plaintiff's claim, or not, as it does not affect his right against the insurance company. If this decision could be treated as a direction for the entry of a judgment, it is quite clear that the conclusion could not be sustained which dismissed the complaint and awarded costs in favor of the insurance company. There was no proof that plaintiff had released it, or that his attitude was changed from what it was when he brought his action. The complaint demanded a judgment against it, and that issue was not disposed of by the decision rendered. The company had notice of the commencement of the action at the time when the order was made in the interpleader action, and when it paid over the money. It could not justify payment under such order, as it knew of plaintiff's claim, and was bound to call the court's attention thereto, and the court would have made no order directing the money to be paid to Little, with notice of a rival claimant thereto. Had the court made formal decision, this undoubtedly would have been set right. The rule which should be adopted in this case would require that the judgment be vacated and set aside, and that the case be remanded to the special term for decision by the court who tried it. Putzel v. Shulhoff (Super. N. Y.) 8 N. Y. Supp. 651, approved in Clason v. Baldwin, supra. But the learned justice who tried the case, having been designated to sit in the appellate division of this court, is now disqualified, and can render no decision therein. Const. art. 6, § 2; In re Mayor, etc., of New York, 139 N. Y. 140, 34 N. E. 757. In effect, therefore, there has been a mistrial of the case.

Our conclusion is that the order appealed from should be reversed, and the judgment should be vacated and set aside, with $10 costs and disbursements, and $10 costs of the motion. All concur.