TAYLOR v. BULMETTO.

(Supreme Court, Appellate Division, Second Department.　May 11, 1897.)

TRIAL—FINDINGS—DEFINITENESS.

　　A finding by the court, in an action on a building contract, that plaintiff built the house according to the contract, except as modified by subsequent agreement, is not indefinite and indecisive.

Appeal from special term, Queen's county.

Action by John A. Taylor against Adelia Bulmetto to foreclose a mechanic's lien.　There was a judgment in favor of plaintiff, and defendant appeals.　Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Ernest E. Baldwin, for appellant.

H. A. Monfort, for respondent.

GOODRICH, P. J.　The plaintiff, in November, 1894, made an agreement with the defendant to build a house upon her land at Inwood, Queens county.　The agreement reads:

"I, the undersigned, do agree to build the building as per plans and specifications and dimensions of the same, for the sum of $2,400.

　　　　　　　　　　　　　　　　　　　　　　　　"J. A. Taylor."

"I, the undersigned, do agree to pay to J. A. Taylor for building said building, as per plans and specifications and dimensions of the same, the sum of $2,400.

　　　　　　　　　　　　　　　　　　　　　　　　"I, Wm. Maccolini."

Maccolini was the agent of the defendant.　The questions litigated at the trial were: First. What were the plans and specifications referred to in the contract?　And, second, whether the house was properly built, in accordance with such plans and specifications.

It is evident that, as plans and specifications are mentioned in the agreement, the parties had something of that nature before them when the contract was signed.　The parties differ as to the identity of these papers.　The plaintiff offered evidence tending to show that the plans consisted of three sheets, showing the first and second stories of a house and a front elevation, and also specifications, all of which were put in evidence by the plaintiff, and that these plans and specifications were drawn by him, and exhibited to the defendant, before the execution of the contract, and were discussed by the parties.　The defendant offered evidence tending to show that the plaintiff's exhibits were not the plans or specifications intended or referred to in the contract, and also offered in evidence a plate from Palliser's book of architecture, which contains a ground plan of a first and second floor, with a front and side elevation and a perspective view, and also another paper, which shows a first and second floor plan, but she produced no specifications.　The issue between the parties is sharp and distinct.　The plaintiff and his son testified that the plans and specifications offered in evidence by the former were the ones, and the only ones, shown before the execution of the contract.　On the

other hand, Maccolini and the defendant testified that they showed the defendant's plate exhibit before the execution of the contract, and that this paper was discussed between the parties before the execution of the contract, and was the one referred to therein; but it will be observed that she offered no specifications in evidence, although the contract refers to specifications, which fact alone might well have raised in the mind of the court serious doubt as to the correctness of their testimony. There is also evidence that, during the construction of the house, reference was made by the parties to the plaintiff's plans and specifications. The learned court was evidently of the opinion that the plaintiff's plans and specifications were the ones actually referred to at the time of the execution of and in the contract, and were those in accordance with which the building was to be constructed. The weight of evidence, as appears by the record and the findings of the learned court, is in favor of the plaintiff's contention, and the finding of the court on this question will not be disturbed, all the more that the "personal equation"—that is, the appearance and demeanor of the witnesses—is involved in the decision; nor do we mean to intimate that we should have arrived at a different conclusion upon the printed evidence considered by itself alone.

As to the second question the same view is taken. There was evidence amply sufficient to show a proper construction of the building in accordance with the plaintiff's plans and specifications; and this disposes of several of the exceptions taken by the defendant to the exclusion of evidence, which related to the alleged failure of construction in accordance with the defendant's exhibits.

The defendant contends that the findings of fact are indefinite and indecisive, and cites authorities, one of which was delivered by this court. Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885. I find nothing in any of these authorities indicating or deciding that the contention of the counsel is correct. The court found that the plaintiff built the house according to the provisions of the contract, except as modified by subsequent mutual agreement. It was not necessary for the court to determine all the minor facts upon which that finding was based. Besides, there is no specific exception on the part of the defendant, such as she now raises, as to the failure in finding minute details of fact.

The judgment is affirmed, with costs. All concur.