## SHAFFER v. MARTIN et al.

(Supreme Court, Appellate Division, Fourth Department. July 30, 1897.)

ISSUES OF LAW AND FACT—DECISION—GROUNDS.

     Code Civ. Proc. § 1023, authorizing litigants to prefer requests for findings, was repealed by Laws 1894, c. 688; and section 1022 was thereby amended so as to permit courts and referees, instead of stating separately the facts found and the conclusions of law, "to file a decision stating concisely the grounds on which the issues have been decided," and also so as to require the appellate division, in case the decision is so filed, to review all questions of fact and law. *Held*, that the amendment did not relieve trial courts from deciding issues of fact and law upon which the rights or liabilities of the litigants depend, and from disclosing how those issues were decided.

Appeal from special term.

Equitable action by William H. Shaffer, receiver of Curran & Goler, against Sabina C. Martin and others. From a judgment for plaintiff, defendants appeal. Judgment vacated.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James Breck Perkins, for appellant Sabina C. Martin.

F. E. Drake, for appellants George H. King and Rosa R. King.

P. M. French, for respondent.

FOLLETT, J.　This equitable action was begun January 21, 1896, to set aside, as fraudulent and void as to the creditors of the firm of Curran & Goler, a bill of sale executed December 9, 1895, by Richard Curran, in the name of the firm, to Sabina C. Martin, George H. King, and Rosa R. King, and a chattel mortgage executed December 10, 1895, by Frances T. Goler, in the name of the firm, to Frank H. Goler as trustee for eight creditors of said firm.　In an action brought for the dissolution of the firm of Curran & Goler because of its insolvency, the plaintiff was, December 17, 1895, appointed receiver thereof; and by agreement among the litigants, approved by the court, the property affected by the bill of sale and chattel mortgage was sold by the plaintiff, and the fund arising therefrom deposited, and this litigation is over the fund so on deposit.　Sabina C. Martin, George H. King, Rosa R. King, and Frank H. Goler severally answered, but Richard Curran and Frances T. Goler did not answer.　There are three classes of defendants in this action,—Sabina C. Martin, represented by Perkins & Hays, her attorneys; George H. King and Rosa R. King, represented by Drake & Milliman, their attorneys; and Frank H. Goler, represented by Raines & Van Auken, his attorneys. Several issues of fact and of law were involved in the decision of this action.　The court filed the following decision:

"Judgment for plaintiff, that he is entitled to the funds realized from the sale of the property and effects of said firm of Curran & Goler, and that said bill of sale and said alleged chattel mortgage be set aside as void and in fraud of creditors.　Plaintiff is entitled to the costs of the action.

"Dated August 14th, 1896.　　　　　　　　Wm. E. Werner, J. S. C."

This decision does not specify whether the costs are payable out of the fund, or by all the defendants,—contesting and noncontesting. Nevertheless the judgment entered awards costs against the defendants personally who did not answer, as well as against those who did answer.　By chapter 688 of the Laws of 1894, which took effect June 1, 1894, section 1023 of the Code of Civil Procedure, which authorized litigants to prefer requests to find, was repealed, and section 1022 amended so as to permit courts and referees, instead of stating separately the facts found and the conclusions of law, "to file a decision stating concisely the grounds on which the issues have been decided." The repeal of section 1023 and the amendment of section 1022 were to remedy the practice (which had grown into an abuse) by the attorneys of litigants asking courts and referees to pass on evidentiary facts, on facts simply relevant to the issue, instead of on the facts in issue,—the facts upon the existence of which the right or liability of the litigants in the action depends.　They were not intended to relieve trial courts from deciding the issues of fact and law,—those upon the existence of which the right or liability of the litigants depends,— and from disclosing how those issues were decided.　The facts found and the conclusions of law need not be separately stated; but the issues of fact and law, as above defined, must be decided, and the de-

cision must disclose how they are decided, otherwise it is impossible to state concisely the grounds on which the issues were decided. Section 1022, as amended, commands the appellate division, in case the decision concisely states the grounds upon which the issues have been decided, to review all questions of fact and law, and authorizes that tribunal to modify or affirm the judgment or order appealed from, award a new trial, or grant to either party the judgment which the facts warrant. But this provision was not intended to relieve trial courts and referees from determining the essential issues, and from disclosing by their decisions how the issues were determined, and thus cast the burden on the appellate divisions of so deciding and stating the issues of fact and law that the judgment can be reviewed by the court of appeals. The appellate division cannot see the witnesses face to face, and hear them testify, and ordinarily is not as well qualified to determine and state the facts as the trial courts. One of the grievances sought to be remedied by the constitution of 1846 was the taking of testimony in equity cases before masters, and leaving the issues to be decided by tribunals which had never seen or heard the witnesses. Section 10 of article 6 provided, "The testimony in equity cases shall be taken in like manner as in cases of law," which provision is contained in section 3 of article 6 of the present constitution. It is of little use to decide issues of fact or of law unless it be disclosed how they are decided. If the practice adopted in this case is to prevail, the evil of allowing tribunals, who have not heard the witnesses, to decide and state the issues of fact, will be restored, not only in equitable actions, but in legal ones as well. In Trustees of Amherst College v. Ritch, 151 N. Y. 282, 45 N. E. 876, the court of appeals said:

"We think that the effect of a decision by the trial court without expressing the facts found is the same as if there had been a general verdict rendered by a jury, and that the same presumptions arise in its support." Page 320, 151 N. Y., and page 886, 45 N. E.

This being so, the question is naturally suggested, how could an appellate court intelligently review the general verdict of a jury unless the issues of fact upon which the jury passed were stated by the justice presiding at the trial? and it is no more feasible to review a case decided by a decision in the form of the one in the case at bar than it would be to review a judgment entered on the general verdict of a jury without any directions on the part of the justice presiding at the trial. All the evils arising from such a practice cannot now be foreseen, but among them is the impossibility of determining what issues have been decided in favor of one party and against the other, in case the judgment is ever pleaded in bar in a subsequent action involving some of the supposed issues. Judgments involving the title to land arising in contests under conveyances and wills, entered on such decisions, would ultimately lead to great confusion. If it be said that the pleadings can be resorted to for the purpose of ascertaining the issues, the answer is that under our modern system of pleadings, and the practice which prevails, they frequently do not state all the essential issues tried and determined, and embrace many that were not determined. The result is that the decision filed in this case is insufficient to support the judgment, which must be vacated,

and the case remanded to the special term for a decision by the justice who tried it, in accordance with the rule herein laid down. Such was the practice in Putzel v. Schulhoff (Super. N. Y.) 8 N. Y. Supp. 651; Clason v. Baldwin (Sup.) 13 N. Y. Supp. 371; Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885; Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; and McManus v. Palmer, 13 App. Div. 443, 43 N. Y. Supp. 601.

Neither party having moved to set aside the judgment because of the insufficiency of the decision, it is vacated, without costs to either party, and remanded to the special term for a decision in accordance with section 1022 of the Code of Civil Procedure. All concur.