PEOPLE ex rel. TIFFANY v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. MUNICIPAL CORPORATIONS—STREETS—PROCEEDINGS TO OPEN—ASSESSMENT—FAILURE TO INCLUDE PROPERTY BENEFITED—EFFECT.

At the time Buffalo assessors assessed property for the extension of an avenue to terminate at a street, proceedings had been taken to extend it beyond the street, and the city had accepted land dedicated for such extension, and had contracted for the construction of a bridge along the route thereof. Held, that City Charter, § 145, required the assessors to have assessed all lands benefited by the improvement, including the proposed extension, and for their failure to do so the assessment was invalid.

2. CERTIORARI—DECISION—GROUNDS—ISSUES OF FACT AND LAW—STATEMENT.

On certiorari to vacate an assessment for the opening of an avenue, the court set aside the assessment, and stated in its decision that property other than that assessed was benefited, and should have been included in the assessment, and that one of relator's grounds for vacating the assessment was the omission of the assessors to include property so benefited. Held, that the decision stated the facts found and the conclusion of law, within Code Civ. Proc. § 1022.

Appeal from special term, Erie county.

Certiorari by the people, on the relation of Agnes Tiffany, against the city of Buffalo, to vacate an assessment. Judgment for relator, and defendant appeals. Affirmed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, WARD, and McLENNAN, JJ.

W. H. Cuddeback, for appellant.
Edward E. Tanner, for respondent.

ADAMS, J. The writ of certiorari in this case was issued upon the 4th day of June, 1894, to review and determine the legality of an assessment roll resulting from the opening and extending of Bailey avenue, between Seneca and Elk streets, in the city of Buffalo, pursuant to an order of the special term of the supreme court, granted upon the same day. In its return to the writ, the defendant, through its board of assessors, alleged that the assessment upon the property of the relator was not unjust; that the entire district benefited by the extension of Bailey avenue had been assessed; and that such assessment was, in the opinion of the assessors, in proportion to the benefit conferred upon the various parcels of land therein. The return also denied many of the allegations contained in the relator's petition, and the court at special term thereupon proceeded to try the several issues of fact which it presented.

The writ in question was authorized by section 101 of chapter 105 of the Laws of 1891, being the revised charter of the city of Buffalo, which provides as follows:

"A writ of certiorari may be granted to review and determine the legality of an assessment for local improvements by any court of competent jurisdiction upon the application of any person or persons aggrieved thereby. * * * Such writ shall be applied for in form and manner and the subsequent proceedings thereupon had shall comply with the provisions of article seven, of title two of chapter sixteen of the Code of Civil Procedure, relating to the writ of certiorari to review the determination of an inferior tribunal, except as it is in this section expressly otherwise provided."

And the assessment sought to be reviewed thereby was laid for the purpose of defraying the cost of opening and extending Bailey avenue between Seneca and Elk streets; one of the grounds assigned by the relator for the relief demanded being that the assessors omitted to include in their assessment property south of Elk street fronting on Bailey avenue, which was benefited by such extension. It is not claimed by the defendant that the property south of Elk street was not benefited by the extension of Bailey avenue to the same extent, proportionately, as the property north of Seneca street; but it is insisted that at the time the assessors filed their certificate of the district to be benefited by such extension Bailey avenue terminated at Elk street, and therefore it could not be regarded as one of the streets of the city beyond that point. This contention presents the real vital question of fact in the case, to the determination of which the evidence was principally directed; and, without entering upon any extended review of that evidence, it is sufficient to say that, in our opinion, it shows quite satisfactorily that at the time the assessment in question was laid proceedings had been taken by the defendant to extend Bailey avenue from Elk street to another highway, known as the "Abbott Road," and that to this end the city had accepted lands expressly dedicated to that purpose by the respective owners thereof; that it had contracted for the construction of a bridge over the Buffalo river a short distance south of Elk street, and had in various ways recognized and adopted the lands thus dedicated as an extension and continuation of Bailey avenue. These facts being once established, the relator's right to the relief sought through the medium of this proceeding necessarily

follows, for by section 145 of the defendant's charter it is provided that:

"The court shall assess the whole amount ordered to be assessed upon the parcels of land benefited by the work, act or improvement, in proportion to such benefit, except in those cases in which, by this act, the assessment is to be made upon a different principle, and in those cases it shall make the assessment upon the principle prescribed in each case by this act."

And, if this provision was violated,—that is, if lands benefited by the extension of Bailey avenue were not assessed in proportion to the benefit derived therefrom,—the assessment was clearly illegal, and should be set aside. Providence Retreat v. City of Buffalo, 29 App. Div. 160, 51 N. Y. Supp. 654; People v. City of Buffalo, 147 N. Y. 675, 42 N. E. 344.

The learned justice before whom the proceeding was tried, in the decision filed by him, states that the assessment in question is sought to be vacated upon two grounds, viz.: "First, that the tax was unequally spread, and that the relator was assessed for the improvement out of proportion to the benefits received, and at a greater rate than others who were equally benefited by the opening of the street; and, second, that the assessors omitted to include in the assessment property south of Elk street, fronting on Bailey avenue, benefited by the improvement;" and then adds that, in his opinion, the court ought not to substitute its own judgment for that of the assessors; but that, so far as the relator's second proposition is concerned, "it is evident from the undisputed facts that Bailey avenue, south of Seneca street (Elk street meaning) was to some extent benefited, and as a matter of law should have been included by the assessors in the property benefited by the opening of the street. Bailey avenue, south of Seneca street (Elk street meaning), at the time this assessment was actually made, and at the time it was confirmed by the common council, was a public street, and as such should have been assessed for the improvement." From the fact that the counsel are not agreed as to the effect of this decision, it may perhaps be claimed that it does not comply with the requirements of section 1022 of the Code of Civil Procedure as this court has taken occasion to construe the same. Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992; People v. City of Buffalo (not yet officially reported) 57 N. Y. Supp. 261. But in each of the cases cited the trial court simply directed judgment to be entered in favor of one of the parties, without stating any grounds whatever upon which such direction was based. In this case, we think, the learned trial justice has indicated that his conclusion is founded upon the fact that Bailey avenue, south of Elk street, was, at the time the assessment in question was laid, one of the streets of the city of Buffalo, and that the property abutting thereon was benefited by the opening of that street between Seneca and Elk streets; and, as this was virtually a decision of the only question of fact in the case, we are inclined to treat the finding as sufficient. The judgment appealed from should therefore be affirmed, with costs.

Judgment affirmed, with costs. All concur, except WARD, J., not voting.