(39 App. Div. 245.)

PEOPLE ex rel. PALEN et al. v. CITY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

CERTIORARI TO REVIEW ASSESSMENT—FINDINGS BY COURT.

    A city charter provided for an assessment for city improvements on land benefited by such improvements, and for a writ of certiorari to determine the liability under an assessment (the writ to be directed to the city), and that on filing the return the cause should be heard, and testimony taken if necessary; such testimony to constitute a part of the proceeding on which the determination of the court should be made. *Held*, that on an application for certiorari on the ground that the improvement had not benefited the relator's land, where testimony was taken on both sides of the issue, it was error for the court, without determining the issues, to dismiss the petition on the merits, without findings, under Code Civ. Proc. § 1022, providing that the decisions of the court on issues of fact should state the facts found and the conclusions of law, or the court should file a decision stating the ground upon which the issues have been determined.

Appeal from special term.

Certiorari by the people, on the relation of Robert Palen and Millard S. Burns, against the city of Buffalo, to review an assessment. From an order dismissing the writs on the merits, plaintiffs appeal. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

Harry D. Williams, for appellants.

William H. Cuddeback, for respondent.

FOLLETT, J. This writ of certiorari was granted November 30, 1894, by a special term of the late superior court of the city of Buffalo, to review an assessment of $1,353.03 levied in that year on the appellants' lands by the city of Buffalo for the purpose of paying, in part, the expense of grading and paving Grant street,—a local improvement.

Section 145 of chapter 105 of the Laws of 1891 (Charter of City of Buffalo) provides:

"Sec. 145. The board shall assess the whole amount ordered to be assessed upon the parcels of land benefited by the work, act or improvement, in proportion to such benefit, except in those cases in which, by this act, the assessment is to be made upon a different principle, and in those cases it shall make the assessment upon the principle prescribed in each case by this act."

By section 101 of the charter it is provided:

"Sec. 101. A writ of certiorari may be granted to review and determine the legality of an assessment for local improvements by any court of competent jurisdiction upon the application of any person or persons aggrieved thereby. * * * Such writ shall be applied for in the form and manner, and the subsequent proceedings thereupon had shall comply with the provisions of article seven, of title two of chapter sixteen of the Code of Civil Procedure, relating to the writ of certiorari to review the determination of an inferior tribunal, except as is in this section expressly otherwise provided."

Subdivision 3 of that section provides:

"(3) The said writ of certiorari shall be directed to the city of Buffalo, which shall be known as the defendant. * * * The return shall not be conclusive. Upon the return being filed, the cause may be heard at a general or a special term of the court, and either party may notice it for a hearing. If upon the hearing it shall appear to the court that testimony is necessary to the proper disposition of the matter, the court may take evidence or may appoint a referee to take such evidence as the court may direct, and report the same to the court, and such testimony shall constitute a part of the proceedings upon which the determination of the court shall be made."

It is alleged in the application for the writ, and in the writ, that the improvement has not benefited the relators' land, but has rendered it practically valueless, and that the amount of the assessment levied is more than the land is worth. These allegations are denied by the return, and the issues of fact so joined were brought to trial before a special term of the late superior court of the city of Buffalo. Upon the trial, testimony was given in behalf of the relators tending to support the allegations in the writ; and, on the contrary, testimony was given in behalf of the city tending to support the return of the respondent. At the close of the trial the court, without determining the issues tried, entered an order which provided:

"Ordered, that the petition of the relators be, and the same hereby is, dismissed upon the merits, without costs to either party as against the other."

Section 1022 of the Code of Civil Procedure provides:

"The decision of the court or the report of a referee, upon the trial of the whole issues of fact, may state separately the facts found and the conclusions of law, and direct the judgment to be entered thereon, or the court or 'referee, may file a decision stating concisely the grounds upon which the issues have been decided, and direct the judgment to be entered thereon, which decision so filed shall form part of the judgment roll."

See Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992.

The practice prescribed by the section and the case cited was not followed in the case at bar. The court did not determine any of the disputed facts, nor did it state its conclusions of law, nor did it sign a decision directing the judgment to be entered, as the practice requires. Wood v. Lary, 124 N. Y. 83, 26 N. E. 338. The court evidently pursued the practice prescribed by section 2141 of the Code of Civil Procedure for the determination of common-law writs by the appellate division, which court does not hear testimony under such writs, or determine disputed questions of fact. The section last cited is entirely inapplicable to a case which a special term is required to hear and determine the facts in issue.

This was a mistrial, and the order should be reversed, and the case ordered retried. Neither party having objected to this irregular practice, costs are not allowed to either litigant. All concur.