(52 App. Div. 209.)

NEWMAN et al. v. MAYER.

(Supreme Court, Appellate Division, Second Department. June 12, 1900.)

DECISION OF COURT—STATING GROUNDS—JUDGMENT.
    Under the requirement of Code Civ. Proc. § 1022, that the decision state concisely the grounds on which the issues have been decided, a decision merely directing judgment, without any statement of grounds, will not support a judgment.

Appeal from Putnam county court.

Action by Augustus S. Newman and others, executors of Allen G. Newman, deceased, against Thomas M. Mayer, impleaded. From an order, so far as it denied said defendant's motion to set aside the decision and judgment, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

H. Huffman Browne, for appellant.
Merritt E. Haviland, for respondents.

WILLARD BARTLETT, J. The paper in this action which is called a "decision" is simply a direction for judgment, and nothing more. There is no attempt to state the facts found and the conclusions of law, and it is evident that the learned county judge intended to render the other sort of decision prescribed in section 1022 of the Code of Civil Procedure, "stating concisely the grounds upon which the issues have been decided," and directing the judgment to be entered thereon. The trouble is that he has utterly neglected to comply with the requirement that he should state the grounds upon which the issues have been decided. No matter how concisely they were stated, a decision stating the grounds would doubtless be sufficient to form a basis for the judgment, but he has omitted to set them forth at all, and this omission induced the defendant to make the motion now under consideration. In a case where evidence has been taken we are of the opinion that a judgment by direction of a court or

referee finds no support in a decision under section 1022 of the Code of Civil Procedure, which contains neither any findings nor any statement whatever of the grounds upon which the issues have been decided. The requirements of that section in this respect are not merely formal, but relate to a matter of substance. They manifest the purpose of the legislature that the parties to a lawsuit which is tried by a referee or a judge without a jury shall be informed, to some extent at least, of the reasons which have led to the determination reached. The obligation to give these reasons either in the form of findings of fact and conclusions of law or in a concise statement of the grounds upon which the issues have been decided is conducive to a degree of care in the consideration and disposition of the cause which might not otherwise always be observed; and carelessness might soon come to be the rule, instead of the exception in the determination of equity cases, if all the judge had to do at the end of the trial was to direct the judgment to be entered without disclosing why. In his well-known history of the Criminal Law of England, Mr. Justice Stephen, in arguing that trial by a judge without a jury may be made completely just in almost every case, says: .

"Juries give no reasons, but judges do in some cases, and ought to be made to do so formally in all cases if juries were dispensed with. This in itself is a security of the highest value for the justice of a decision. An unskilled person may, no doubt, give bad reasons for a sound conclusion, but it is nearly impossible for the most highly skilled person to give good reasons for a bad conclusion."

The case of Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992, appears to be precisely in point. The decision there, like the decision here, merely directed the judgment to be entered, and the appellate division in the Fourth department, speaking through Mr. Justice Follett, said that the judgment must be vacated, and the case remitted to the special term for decision by the judge who tried it. In so doing the court treated the direction for judgment standing by itself as no decision at all. The suggestion is made here, as it was made there, that the pleadings showed what were the essential issues which must have been determined; to which we answer, in the language of Judge Follett in the case cited:

"If it be said that the pleadings can be resorted to for the purpose of ascertaining the issues, the answer is that, under our modern system of pleadings and the practice which prevails, they frequently do not state all the essential issues tried and determined and embrace many that were not determined."

The order of the county court, so far as it refused to vacate the decision and judgment, should be reversed, leaving the county judge at liberty, however, to make and file a decision in compliance with section 1022 of the Code of Civil Procedure, and to direct the entry of a judgment thereon without taking further evidence in the action.

Order of the county court of Putnam county, so far as it refuses to vacate the decision and judgment, reversed, with $10 costs and disbursements. All concur.