PEOPLE ex rel. HAVRON v. DALTON, Water Supply Com'r, et al.

(Supreme Court, Appellate Division, Second Department. December 9, 1902.)

1. MANDAMUS—ISSUES OF FACT—TRIAL TO COURT—FINDINGS—NECESSITY.

Code Civ. Proc. § 2082, provides that the proceedings on an alternative writ of mandamus after issue is joined are in all respects the same as in an action; and section 2084 that, on trial of an issue of fact joined on an alternative writ, the verdict, report, or decision must be returned to the appellate division or special term, as the case requires. *Held*, that where issues joined on an alternative writ of mandamus were tried by the court, as permitted by section 2083, either findings or a short decision must be filed by the judge, as in an action, and, where the record on appeal contains no such findings or decision, the case must be remitted to the trial judge, that a decision may be supplied.

Appeal from special term, Kings county.

Mandamus by the people, on the relation of David Havron, against William Dalton, as commissioner of water supply of the city of New York, and another. From an order dismissing an alternative writ, relator appeals. Proceedings remitted for decision.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Alexander H. Geismar, for appellant.
James McKeen, for respondents.

WILLARD BARTLETT, J. This case must be sent back to the judge before whom it was tried, in order that he may make and file a decision. The proceeding is based upon an alternative writ of mandamus. The Code of Civil Procedure provides that an issue of fact, joined upon such a writ, must be tried by a jury, unless a jury trial is waived, or a reference is directed by consent of the parties. Code Civ. Proc. § 2083. In the present case a jury trial was waived, and the issues were tried before a judge, who determined them in favor of the respondents, and made a final order dismissing the writ.

The appeal papers, however, indicate that he omitted to make and file a decision as the basis of this final order. We are of opinion that such a decision is requisite. Section 2082 of the Code of Civil Procedure prescribes that the proceedings upon an alternative writ of mandamus, after issue is joined, are in all respects the same as in an action; and section 2084 directs that upon the trial of an issue of fact, joined upon an alternative writ, the verdict, report, or decision must be returned to the appellate division or the special term, as the case requires. When, therefore, the issues are tried before a judge, instead of before a jury, they are to be decided in the same way as the issues in an action; that is to say, by making and filing findings, or a short decision, as prescribed in section 1022 of the Code. Where the requisite findings or decision have been omitted upon the trial of an action, and the case on appeal has disclosed such omission, it has been the custom of this court to remit the case to the trial judge, in order that the requisite decision may be made nunc pro tunc. Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992. The same course should be pursued in the present case.

Proceeding remitted to trial judge for decision. All concur.