(86 App. Div. 503.)

### GEIN v. LITTLE et al.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. TRIAL—DECISION—STATEMENT OF GROUNDS.

A bond on an appeal from a judgment on certain notes bound appellant on affirmance, not only to pay the costs and damages awarded on the appeal, but to pay certain of the notes sued on. In an action on the bond defendant contended, first, that it was invalid as a statutory bond, and could not be enforced as a common-law bond for want of consideration, and, by reason of the statute of frauds, as a promise to answer the debt of another without consideration expressed therein or otherwise in writing. The trial court decided that plaintiff had failed to establish a cause of action, and that the complaint should be dismissed on the merits, with costs, and stated the ground of its decision "that plaintiff had failed to establish a cause of action, and was not entitled to the relief demanded in the complaint." *Held* that, since it could not be determined from such statement on which of the grounds the complaint was dismissed, it was insufficient under Code Civ. Proc. § 1022, requiring the court to state concisely the grounds on which the issues had been dismissed.

Appeal from Trial Term, New York County.

Action by Louis H. Gein against William McCarty Little, impleaded with John B. Farrington. From a judgment in favor of defendant Little, plaintiff appeals. Appeal transferred from First Department. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Hector M. Hitchings, for appellant.
Chauncey S. Truax, for respondents.

HIRSCHBERG, J. This action was tried before a justice of the Supreme Court in the city and county of New York, and a decision was filed on or about October 27, 1897, not stating separately the facts found and the conclusions of law, but purporting to decide the whole issues in the short form permitted by section 1022 of the Code of Civil Procedure. By that section a decision so filed is required to state "concisely the grounds upon which the issues have been decided." The issues in the action are complex. The suit is brought to recover a money judgment upon the undertaking given to perfect the appeal to the Court of Appeals by the plaintiff in the action of McGowan v. Gein and others, 13 N. Y. St. Rep. 421, affirmed in the Court of Appeals 122 N. Y. 643, 25 N. E. 956. The plaintiff claims to be the

owner of the "cash notes" hereinafter referred to, and the defendants are the sureties upon the undertaking. The Special Term judgment, affirmed in both appellate courts, reformed a chattel mortgage given to secure certain promissory notes, and also reformed the notes by adjudging that they were "payable as per contract for printing," with the exception of notes to the amount of $2,500, which were held to be "cash notes." The undertaking contained many erroneous recitals in relation to the action and the judgment, and, instead of providing as its condition, in accordance with the provisions of section 1326 of the Code of Civil Procedure in the case of security to perfect an appeal to the Court of Appeals, that the appellant would pay all costs and damages which may be awarded against him on the appeal, not exceeding $500, provided, instead, "that the appellant will pay all damages which the defendant may sustain by reason of such appeal, and that if such judgment appealed from, or any part thereof, is affirmed, or the appeal be dismissed, he will pay the sum recovered or directed to be paid by him by the judgment upon trial at Special Term, * * * or the part thereof as to which it is affirmed or dismissed; and, if affirmed or dismissed, that he will pay the notes held by the defendant, Helen Potter, to the extent to which, by the judgment entered on the 18th day of January, 1887, being the judgment entered upon the decision rendered at Special Term, they are declared to be 'cash notes,' not exceeding the sum of three thousand five hundred dollars."

On the trial of this action the appellant expressly limited his right to recover on the undertaking to the "Potter Case notes." His ownership of these notes was placed in issue by the answer, and, among other grounds of defense, the respondent claimed upon the trial that no liability was created by the undertaking as a statutory undertaking beyond that provided for by section 1326 of the Code, supra, while, if the undertaking was sought to be enforced as a common-law obligation, it was void for want of consideration in fact, and under the statute of frauds as being a promise to answer the debt of another without consideration expressed in the document or otherwise in writing.

The decision of the learned trial court is as follows:

"The court decides that the plaintiff has failed to establish a cause of action, and that the complaint herein and this action should be dismissed upon the merits as against the defendant William McCarty Little, with costs.

"The court states the grounds of this decision to be that the plaintiff has failed to establish a cause of action, and that he is not entitled to the relief demanded in the complaint."

We think this decision insufficient, under the circumstances, to support the judgment appealed from. It is as inadequate as a decision would have been in favor of the plaintiff which should adjudge that he was entitled to recover a specific sum, and which should allege, as the grounds of such decision, that he was entitled to recover such sum. We are not apprised upon what ground the plaintiff has failed to establish his cause of action, whether that the undertaking has been held bad as statutory or as an independent obligation, or both, or why it has been so held in either event, or whether the plaintiff's failure to establish his cause of action relates to the ownership of the notes, or

the existence of damages recoverable under the contract. To decide the case upon appeal upon the merits might well result in sustaining a judgment upon an entirely different ground from that upon which it has been recovered, a result which may be both unfair and unjust.

In Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992, the decision was more precise and specific than the one at bar, yet the Appellate Division in the Fourth Department held it bad, saying (page 307, 20 App. Div., page 994, 46 N. Y. Supp.):

"How could an appellate court intelligently review the general verdict of a jury unless the issues of fact upon which the jury passed were stated by the justice presiding at the trial? And it is no more feasible to review a case decided by a decision in the form of the one in the case at bar than it would be to review a judgment entered on the general verdict of a jury, without any directions on the part of the justice presiding at the trial."

As was said by this court in Newman v. Mayer, 52 App. Div. 209, 65 N. Y. Supp. 294, the alleged decision is simply a direction for judgment. It directs judgment for the defendant because the plaintiff is not entitled to recover, on the ground that he has not made out his cause of action. No reasons are given as required by the provisions of the section of the Code now under consideration. "They manifest the purpose of the Legislature," said Mr. Justice Willard Bartlett in the case last cited, "that the parties to a lawsuit which is tried by a referee or a judge without a jury shall be informed to some extent at least of the reasons which have led to the determination reached. The obligation to give these reasons, either in the form of findings of fact and conclusions of law, or in a concise statement of the grounds upon which the issues have been decided, is conducive to a degree of care in the consideration and disposition of the cause, which might not otherwise always be observed; and carelessness might soon come to be the rule, instead of the exception, in the determination of equity cases, if all that the judge had to do at the end of the trial was to direct the judgment to be entered, without disclosing why." As the learned Justice who tried the case is no longer on the bench, and the case cannot therefore be remitted for decision, a retrial will be necessary. Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 264, 39 N. Y. Supp. 885.

The judgment should be reversed, and a new trial granted.

Judgment reversed, and new trial granted, costs to abide the event. All concur.