(54 App. Div. 132.)

## BURNHAM v. DENIKE et al.

(Supreme Court, Appellate Division, Second Department. October 26, 1900.)

1. JUDGMENT—DECISION—SUFFICIENCY.

Code Civ. Proc. § 1022, provides that the decision of the court may state separately the facts found and the conclusions of law, or may state the grounds on which the issues have been decided, and direct entry of judgment, and that where costs are in the discretion of the court the decision must award or deny costs, and, if awarded, must state to whom. *Held*, that where the court, in partition, filed a memorandum decision, "Final judgment may be granted as against the plaintiff, with costs," and final judgment dismissing the complaint, with costs, was entered thereon prior to the filing of formal findings of fact and conclusions of law, and the entry of the interlocutory judgment adjudging partition between the defendants according to their rights, the judgment of dismissal was premature, and, being without findings to support it, must be reversed.

2. APPEAL—JUDGMENT—REVERSAL—PROCEEDINGS ON REMAND.

Where a final judgment is reversed for lack of a sufficient decision to support it, and the case cannot be remitted to the trial court for entry of a proper decision, because the trial judge is no longer sitting in that department, there must be a new trial.

Appeal from trial term.

Action by Elizabeth W. Burnham against Charles W. Denike and others for partition. From a judgment dismissing the complaint, with costs, after trial by the court, plaintiff appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Henry B. Heylman, for appellant.
H. J. Morris and Percival S. Monken, for respondents.

WOODWARD, J. The appellant in this case urges that the judgment is not supported by a decision of the court, as prescribed by section 1022 of the Code of Civil Procedure. The action was tried by the court without a jury, and on the 17th day of July, 1899, the court filed a memorandum opinion in which it said, "Final judgment may be granted as against the plaintiff, with costs." The decision of the court, which embraced findings of fact and conclusions of law, was rendered on the 9th day of September; and upon that date an interlocutory judgment was entered, decreeing a partition of the premises in dispute, and adjudging the defendant Mary A. Denike to be the owner of two-thirds of the property. The final judgment, which is involved in this appeal, was entered on the 11th day of August, 1899, prior to the decision and interlocutory judgment. The interlocutory judgment provided that the question of costs (which, by the provisions of section 1022 of the Code of Civil Procedure, must be awarded by the decision of the court or report of the referee) should be fixed by the final judgment, and this had already been entered when the decision was made. There can be no doubt, therefore, that the judgment now before us, being without findings or a decision to support it, should be reversed. Hall v. Beeston, 13 App. Div. 116, 43 N. Y. Supp. 304; Shaffer v. Martin, 20 App. Div. 304, 46 N. Y. Supp. 992, and authorities cited. It appears necessary, under the circumstances, which are substantially the same as those presented in

Reynolds v. Insurance Co., 6 App. Div. 254, 39 N. Y. Supp. 885, that there should be a new trial. If practicable, we should remit the case to the trial court, in order that proper findings or a formal decision might there be made, as was done in the two cases first above cited; but this course canot be pursued, inasmuch as the judge who tried the case is now a justice of the appellate division in the Third department.

Judgment reversed, and new trial granted; costs to abide the final award of costs. All concur.