(98 App. Div. 258)

DOBBS v. BRINKERHOFF.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. TRIAL—DECISION—FAILURE TO FILE—NEW TRIAL.

Code Civ. Proc. § 1010, declares that on a trial by the court of an issue of fact or of law, its decision in writing must be filed in the clerk's office within 20 days after the final adjournment of the term where the issue was tried, and, if not so filed, authorizes a new trial on motion. *Held*, that where, at the close of the evidence, the court orally announced its views of the controversy, and argumentatively deduced conclusions therefrom, which were taken in the stenographer's minutes and transcribed, and included in the judgment roll without being entitled, dated, or signed, such statement did not constitute a formal decision sufficient to support a judgment.

Hirschberg, P. J., dissenting.

Appeal from Special Term, Nassau County.

Action by Joseph E. Dobbs against Chilion B. Brinkerhoff. From an order denying a motion to vacate a judgment in favor of plaintiff and for a new trial on the ground that no findings or formal decision had been filed, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Lincoln B. Haskin, for appellant.
Willoughby B. Dobbs, for respondent.

HOOKER, J. This action was brought to trial at a term of the Supreme Court held in Nassau county, and upon consent of the parties a jury was waived. At the close of the evidence the court orally announced its views of the controversy, in which it discussed some of the evidence, and argumentatively deduced conclusion therefrom. It further said:

"Consequently, that payment must be held to be on account of the $600 note, thereby reducing the note to. $500, for which sum plaintiff is entitled to judgment, with interest, less the payments made. The last date of payment of interest to defendant's father is in April, 1898. Now, the payment of $50 in 1899 will be first applied to the interest then due, and the balance, if any, on account of principal; interest on the sum then found to be remaining unpaid to this time, with costs to plaintiff. In other words, crediting the defendant with the $100 paid in 1895 and the interest so shown to have been paid."

These statements of the court were taken in the stenographer's minutes, and transcribed, and as so transcribed, without being entitled, without date, and without signature, were included in the judgment roll, and judgment was entered, based upon no other decision or findings than this informal and unsigned opinion of the trial court. The defendant waited until 20 days had expired after the close of the term, and then moved to vacate the judgment and for a new trial, under section 1010 of the Code, on the ground that no findings or formal decision had ever been made or filed. The motion was denied, and the defendant appealed.

In Hall v. Beston, 13 App. Div. 116, 43 N. Y. Supp. 304, a similar question was presented. Mr. Justice Bartlett, writing for the court, said:

"There are no findings stating separately the facts found and the conclusions of law, nor is there any decision stating concisely the grounds upon which the issues have been decided, and directing the judgment to be entered thereon, as prescribed by section 1022 of the Code of Civil Procedure. The opinion cannot be regarded as the equivalent of the findings or formal decision contemplated by the Code as the basis of the judgment in a case in which the whole issues of fact are tried by the court. The declaration at the end of this opinion that 'the plaintiffs are entitled to judgment for $1,194.48,' was, strictly speaking, no more a direction of the judgment to be entered in the cause than were the words, 'Judgment for defendants, with costs,' at the end of the opinion in Reynolds v. Ætna Life Ins. Co., 6 App. Div. 254, 39 N. Y. Supp. 885, which this court held to be insufficient. It is plain from an inspection of the record that the opinion in the present case was intended by the trial judge simply as a discussion of the interesting question of law involved, and in no wise as the formal decision and direction to enter judgment essential to an effective adjudication."

The same conclusion was reached in Burnham v. Denike, 54 App. Div. 132, 66 N. Y. Supp. 396; Osborne v. Heyward, 40 App. Div. 78, 57 N. Y. Supp. 542; Lentschner v. Lentschner, 80 App. Div. 43, 80 N. Y. Supp. 146; and Kent v. Common Council, 90 App. Div. 553, 86 N. Y. Supp. 411. The order appealed from should therefore be reversed so far as it refuses to vacate the judgment, and the motion should be granted in that respect. Upon the question of a new trial, the matter should be remitted to the Special Term for such action, pursuant to the provisions of section 1010 of the Code of Civil Procedure, as may be proper.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur, except HIRSCHBERG, P. J., who dissents upon the ground that the only remedy is by appeal, and that, in his view, the motion was therefore properly denied.