### MANHASSET POINT CO. v. WRIGHT.

(Supreme Court, Appellate Division, First Department. April 10, 1908.)

1. STIPULATIONS—STIPULATION NOT TO MOVE FOR DISMISSAL — EFFECT ON COURT.

A stipulation that, if a motion to dismiss the complaint should be denied, the cause should be remanded to general calendar, and that, on the cause being again brought on for trial, the motion should not be renewed, did not bind the court, which did not err in wholly disregarding it on the trial being resumed de novo.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Stipulations, § 40.]

2. APPEAL—REVIEW—PLEADING.

As certain allegations of an answer were deemed put in issue without a reply, they are not available to defendant on plaintiff's appeal from a judgment dismissing the complaint, as tending to support defendant's theory.

3. SAME—PRESUMPTIONS.

For the purpose of an appeal from a judgment dismissing a complaint, it must be assumed that plaintiff could have established the facts alleged therein.

4. VENDOR AND PURCHASER—PERFORMANCE BY PURCHASER—TENDER—EXCUSE FOR FAILURE—REFUSAL BY VENDOR.

Defendant contracted to convey land on receipt of certain cash payments and the purchaser's bond and mortgage for the balance. This contract was subsequently assigned by the purchaser to plaintiff with defendant's consent, and cash payments called for by the contract were accepted from plaintiff. Held, in an action for breach of the contract, that defendant's subsequent repudiation of plaintiff as assignee, and his declaration that he would not convey to plaintiff nor accept a bond and mortgage from it, but would only recognize the original purchaser, was insufficient to show a final refusal to perform which would excuse a tender of performance on plaintiff's part; defendant being entitled, in addition to the mortgage, to the personal security of the original purchaser's bond, which was not offered.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Vendor and Purchaser, § 373.]

5. SAME.

Defendant's recognition of plaintiff as assignee of the contract by receiving cash payments from it cannot be considered an entire substitution of plaintiff for the original purchaser so as to entitle plaintiff to tender its own bond and mortgage as performance of the contract, especially

where extensions of time for closing the transaction were made between the original parties to the contract after the assignment to plaintiff.

6. SAME—PURCHASER'S ACTION FOR BREACH—COMPLAINT—CONSTRUCTION.

The allegation of the complaint that defendant refused to accept a bond and mortgage from plaintiff cannot be construed to mean that a delivery of a bond executed by the original purchaser secured by mortgage would be refused if tendered by plaintiff.

Houghton, J., dissenting.

Appeal from Trial Term.

Action by the Manhasset Point Company against Frederick W. Wright. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Gilbert Ray Hawes, for appellant.
Harrison S. Moore, for respondent.

LAUGHLIN, J. This is an action at law to recover the sum of $100,000 damages for an alleged breach of contract by the defendant. At the outset the learned counsel for appellant claims that the court was precluded from dismissing the complaint by a stipulation made in open court at a prior term when the case was moved for trial, and a like motion was made to dismiss the complaint, whereupon it was stipulated that, if the motion should be denied, the cause should be remanded to general calendar, and that, on the cause being again brought on for trial, the motion should not be renewed. The parties could not bind the court by such a stipulation, and the court did not err in wholly disregarding it, for the trial was then resumed de novo.

On the 28th of April, 1906, the defendant owned a tract of land consisting of about 55 acres on Manhasset Bay, near Port Washington, in the town of Hempstead, in the county of Nassau. On that day the defendant entered into a contract to sell the land to three individuals, designated as parties of the second part in the contract. The consideration specified was $175,000, $1,000 of which was paid at the time the contract was signed, $16,000 to be paid on the 3d day of May thereafter, and $33,625 on the delivery of the deed, and $120,000 of the balance to be secured to be paid by the bond of the parties of the second part, conditioned for the payment thereof in three years after the date of the deed, with interest payable on the 1st days of January and July in each year, the bond to be secured by a purchase-money mortgage on the premises; and payment of the balance of the purchase price was otherwise provided for, and is not material to the questions presented on the appeal. The contract also provided that the mortgage should contain an agreement on the part of the vendor to release part of the premises from the lien of the mortgage, from time to time, on payment of part of the indebtedness as therein provided, and it was further agreed that the mortgage should contain a clause permitting the construction of a highway as therein provided. It also provided that the vendor, after receiving the payments "and said bond and mortgage, shall, at his own proper cost and expense, execute, acknowledge, and deliver to the parties hereto of the second

part, or to their assigns, a proper deed containing the general warranty and the usual form of covenants, conveying or assuring to him or them the fee simple of the said premises, free from all liens, incumbrances," with certain exceptions therein mentioned. The time specified for consummating the agreement was the 2d day of September, 1906. On the 1st day of May, 1906, the vendees assigned their interest in the contract to one O'Donnell, subject to the covenants and conditions specified in the contract, and the assignment contained an agreement that the assignee, upon performing the covenants agreed to be performed by the assignors, should be at liberty to demand and receive the deed. On the 5th day of the same month O'Donnell assigned his interest under the contract to the plaintiff, which is a domestic corporation, upon the same terms and conditions. The defendant, the vendor in the contract, was not a party to either of these assignments. By an instrument in writing, under date of August 31, 1906, signed by the defendant and his vendees, the time for closing the contract was extended at their request to the 1st day of December, 1906. This agreement for extension contained conditions for further payments by the vendees on account of the principal, concerning the occupancy of the premises in the meantime, insurance, and taxes. The vendees, as a condition of obtaining the extension, waived any objections there might be to the title on account of a certain contract which had been recorded, and the vendor agreed to perform prior to the 1st day of December, on receiving 30 days' notice of the election of the vendees to perform earlier. On the same day, and apparently by an agreement at the foot of the other agreement, the time of the plaintiff to take title was extended by the defendant's vendees to the time specified in the agreement for extension between them and the defendant. The plaintiff alleges that at the time the defendant contracted to sell the premises he "stated and represented to plaintiff that he was willing to and would accept plaintiff as assignee of said contract," and that the assignments of the contract were made with the defendant's "knowledge, approval, and consent." The plaintiff also alleges that it paid to the defendant the down payment of $1,000 on the 28th day of April, 1906, $16,000 on the 3d day of May, 1906, and $5,000 on the 7th day of September, 1906, on account of the purchase price of the premises, "all of which moneys were accepted by the defendant as payments on account of said contract of purchase and sale with full knowledge that plaintiff was the assignee of said contract"; that thereafter, and prior to the 2d day of October, 1906, when the next payment fell due under the contract, as amended, the defendant "repudiated plaintiff as assignee under said contract, and declared that he would not execute the deed of said land to plaintiff as such assignee, or accept bond and mortgage from plaintiff, and also declared that the only parties he would recognize in the matter were" his vendees, and that he would only deal with them and intended to retain the moneys previously paid to him by the plaintiff; that plaintiff has duly demanded that defendant recognize it as the lawful assignee under the contract, and complete the terms thereof, or return to the plaintiff the $22,000 which it paid to him on account of the contract, and reimburse plaintiff for its various disbursements made and obligations incurred

in connection therewith; that, relying upon the statement and representation of the defendant that he accepted plaintiff as assignee under the contract, "and would deed the property to it," plaintiff has expended thousands of dollars in improving the property and dividing it into lots and plots for villa sites, and in advertising and promoting sales thereof, which have greatly enhanced the value of the property.

The learned counsel for the plaintiff contends that the answer contains certain admissions favorable to the plaintiff, but we are of opinion that the plaintiff is not aided by the answer. The learned counsel for the defendant also refers to allegations of the answer as tending to support his theory; but, as they are deemed put in issue without a reply, they are not available to the defendant on this appeal. There is no admission in the answer of any material fact which the plaintiff could not prove under the allegations of its complaint, and for the purpose of this appeal, of course, it must be assumed that the plaintiff could have established the facts as alleged. The defendant does allege that on the day to which the closing of the contract was finally postponed he tendered performance, and was ready and willing to accept performance from the plaintiff, without insisting upon his right to have the bond and mortgage given by the original vendees; but, as already observed, these allegations are deemed denied. The plaintiff does not allege that it tendered performance of the contract on its part, but it contends that tender was waived by the refusal of the defendant to recognize it as assignee of the contract, and to convey the premises to it and to accept its bond and mortgage. We are of opinion that the learned trial justice was right in holding that the plaintiff was not at liberty, on proof of the facts alleged. with respect to the defendant having repudiated the plaintiff as assignee of the contract and refused to accept the bond and mortgage from it, to treat this as a final refusal on the part of the defendant to perform his contract to convey the premises to his vendees or to their assignee. The defendant was entitled to the bond, at least of his vendees; and this is not questioned. Neither the provisions of the contract by which he agreed to convey to his vendees or to their assigns, nor his subsequent dealings with the plaintiff, changed his legal rights in this regard. There were many of the provisions of the contract providing for the terms of the mortgage which manifestly should inure to the benefit, not only of the vendees, but of their assigns. It was doubtless immaterial to the defendant whether the mortgage should be executed by his vendees or by the plaintiff; for, so far as the mortgage was concerned, it was merely intended to pledge the land as security for the balance of the purchase price, but the defendant relied, in addition to the security of the land, upon the personal security of his vendees, and of that he could not be deprived without his express consent, which was not given. Merely recognizing the plaintiff as assignee of the contract to the extent of receiving payments from the plaintiff did not, in law, constitute a substitution of the plaintiff in place of the vendees as party of the second part to the contract of sale; and that such was not the intention is conclusively shown by the fact that the extensions were between the original parties. At the time of the alleged repudiation of the plaintiff as assignee of the con-

tract, no step was required to be taken by the defendant's vendees under the contract, or by the plaintiff as a successor in interest to their assignee. If it be assumed, therefore, that the defendant exceeded his legal rights in announcing that he would not accept further payments or a mortgage from the plaintiff, that did not relieve the plaintiff from tendering performance, because defendant's announcement of his intention was coupled with a refusal on his part to accept the plaintiff as the obligor in the bond, and it is manifest that that was the object of his statement, for it was the only thing that could materially affect his rights. The construction of the allegations of the complaint for which plaintiff contends is unreasonable. Its counsel urges that the allegations herein quoted mean that defendant would not accept delivery of the bond of his vendees from plaintiff. That would be a senseless objection for him to make, and could only be explained on the ground of personal ill will, which is not shown to have existed, for it would be quite immaterial to him whether the bond of his vendees were delivered by them directly or indirectly. The plaintiff, therefore, in any event, was called upon to tender the bond of the vendees. The statement made by the defendant, as alleged in the complaint, does not constitute a refusal on his part to accept a bond from his vendees and a mortgage from the plaintiff, or to convey to the plaintiff upon tender of those instruments.

Without considering the question, therefore, as to whether the defendant was under any obligation to recognize the plaintiff as assignee of the contract, or whether the announcement of the defendant to the plaintiff, in advance of the time of performance, that he would not accept performance by it, even if it were his duty to accept performance by the plaintiff, would constitute in an action at law a sufficient waiver of tender of performance, we are of opinion that the complaint fails to state a cause of action for the reason that the defendant was not obliged to accept performance by the plaintiff without the bond of the vendees.

It follows that the judgment should be affirmed, with costs.

INGRAHAM, and CLARKE, JJ., concur. PATTERSON, P. J., concurs in result. HOUGHTON, J., dissents.