ABRAHAM S. WEINTRAUB, Appellant, *v.* F. M. B. REALTY Co., INC., Respondent.

First Department, April 29, 1921.

**Vendor and purchaser — specific performance of contract to convey real property — stipulation in contract that purchaser will execute and deliver his personal bond — complaint insufficient which does not allege tender of bond and demand for performance — bond of assignee of contract not compliance with contract — general allegation that assignee " duly offered " to comply with contract not sufficient in face of specific allegations showing failure of due performance.**

Complaint in an action for specific performance of a contract to convey real property does not state facts sufficient to constitute a cause of action where it is alleged, among other things, that the contract provided that a certain amount of the purchase price was to be paid " by the purchaser executing and delivering his bond for that amount; " that after the making of the contract and prior to closing of title plaintiff assigned the same to a third person; that said third person duly performed all the terms and conditions of the said agreement on his part to be performed; that at the closing of title said third person was ready, willing and able to perform and duly offered to accept a conveyance in accordance with the terms of the agreement and that prior to the commencement of this action said contract had been reassigned to the plaintiff, but it is not alleged that the plaintiff himself or said third person in his behalf ever tendered plaintiff's bond to the defendant or that the plaintiff demanded performance of the contract.

A necessary element in the performance of the contract on the part of the plaintiff was the furnishing of plaintiff's personal bond, and until such bond was tendered the plaintiff was not in any position to demand performance on the part of the defendant.

The allegation that said third person was ready, willing and able to execute, acknowledge and deliver to the defendant a bond and mortgage did not meet the requirement of the contract which provided for the personal bond of the plaintiff.

The general allegations of the complaint that said third person " duly offered to comply with each and every of the terms and conditions of the said agreement," while permissible under section 533 of the Code of Civil Procedure, cannot avail the plaintiff in the face of specific allegations as to what was done showing failure of due performance.

APPEAL by the plaintiff, Abraham S. Weintraub, from an order of the Supreme Court, made at the New York Special term and entered in the office of the clerk of the county of

First Department, April, 1921.    [Vol. 196

New York on the 23d day of August, 1920, sustaining defendant's demurrer to the complaint with leave to plead over without payment of costs.

*Martin Lippman* of counsel [*McLaughlin & Stern*, attorneys], for the appellant.

*Clarence M. Lewis* of counsel [*Jay Leo Rothschild* with him on the brief; *Seligsberg, Lewis & Rothschild*, attorneys], for the respondent.

MERRELL, J.:

The action is brought to obtain a decree for the specific performance of a contract for the purchase by the plaintiff of defendant of a parcel of real estate situate at No. 257 West Thirty-fifth street, in the borough of Manhattan, city of New York. The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The complaint alleges that on January 20, 1920, the parties entered into a contract whereby the defendant agreed to sell to the plaintiff the real property in question for $30,000, $1,000 of which was to be paid and was paid upon execution of the contract; $4,000 was to be paid on delivery of the deed; and $12,000 was to be paid " by the purchaser executing and delivering his bond for that amount, bearing interest at six (6%) payable semi-annually; " and $13,000 was to be paid by taking the premises subject to a mortgage upon which there was a balance of that amount remaining unpaid. Under the terms of the contract title was to be closed on April 15, 1920.

The complaint further alleges that after the making of said contract, and prior to the date for closing title, plaintiff assigned the same and his rights thereunder to one Ralph V. Wechsler and directed the deed in said agreement mentioned to be delivered to said Wechsler.

The complaint further alleges that Wechsler was present in person on the date of the making of said contract and " duly performed all of the terms and conditions of the said agreement on his part and on the part of the plaintiff herein to be kept and performed. That at the said closing the said Ralph V. Wechsler acted on behalf of himself and on behalf of the plaintiff herein."

The complaint further alleges that at said closing said Wechsler was then and there ready, willing and able to perform his part of the said contract and then and there duly offered defendant to accept a conveyance of said premises in accordance with the terms of said agreement; that prior to the commencement of this action said Wechsler retransferred and assigned to plaintiff all his right, title and interest in and to said contract, and that plaintiff is ready, willing and able to perform said contract, but that the defendant refuses to convey the premises to the plaintiff pursuant thereto.

The complaint nowhere alleges that the plaintiff himself or Wechsler in his behalf ever tendered plaintiff's bond to the defendant, and it is not alleged in said complaint that Wechsler was authorized to execute, acknowledge and deliver such bond, and while it is alleged that prior to the commencement of the action Wechsler reassigned the contract to the plaintiff, it is nowhere alleged that the plaintiff ever tendered his bond to the defendant or demanded performance of said contract.

It seems to me that the court properly sustained defendant's demurrer to plaintiff's complaint upon the ground that said complaint did not state facts sufficient to constitute a cause of action in that there is no allegation contained in said complaint that the plaintiff's bond was ever tendered to the defendant, or that the plaintiff ever demanded performance of the contract on the part of the defendant. A necessary element in the performance of the contract on the part of the plaintiff was the furnishing of plaintiff's personal bond and until such bond was tendered I do not think the plaintiff was in any position to demand performance on the part of the defendant. The contract provided for the payment of the purchase price of $30,000, first, by the payment of $1,000 down upon the execution of the contract; by the further payment of $4,000 upon the closing day, and by the plaintiff "executing and delivering his bond " for $12,000. This bond to secure part of the purchase price was also to be secured by a second mortgage upon the real property sold. It was expressly held by this court in *Manhasset Point Company* v. *Wright* (125 App. Div. 470) that under quite similar circumstances a grantor was entitled to the personal bond of the vendees, and that the plaintiff, as a condition precedent,

was obliged to tender such bond to the grantor. It was held in that case that the complaint failed to state a cause of action for the reason that the defendant was not obliged to accept performance by the plaintiff without such bond. In the complaint at bar there is no allegation that the plaintiff ever executed or offered to deliver his bond, but, on the contrary, the allegation is that Wechsler was " ready, willing and able to execute, acknowledge and deliver to the defendant a bond and mortgage." This clearly did not meet the requirement of the contract which provided for the personal bond of the plaintiff. I think the allegation to that effect was essential to the complaint. It seems to me the complaint is fatally defective in its omission to allege performance or tender of performance by the plaintiff or by his assignee of the essential feature of the contract for the delivery of a bond and mortgage executed by the plaintiff. It was not Wechsler's bond that the contract provided should be delivered, but the personal bond of the plaintiff, and notwithstanding the allegation of the complaint of Wechsler's readiness, willingness and ability to execute the required bond, it manifestly did not lie within his power to perform such act.

Nor will the general allegation of the complaint that said Wechsler " duly offered to comply with each and every of the terms and conditions of the said agreement on plaintiff's part to be kept and performed " avail the plaintiff in the face of specific allegations as to what was done. While permissible under section 533 of the Code of Civil Procedure, such allegation will not sustain a complaint in the face of specific allegations showing failure of due performance. (*Dalzell* v. *Fahy's Watch Case Co.,* 43 N. Y. St. Repr. 57; *Pease Oil Co.* v. *Monroe County Oil Co.,* 78 Misc. Rep. 285; affd., 158 App. Div. 951.)

The order appealed from should be affirmed, with ten dollars costs and disbursements, with leave to plaintiff to serve an amended complaint upon payment of said costs.

DOWLING, LAUGHLIN, PAGE and GREENBAUM, JJ., concur.

Order affirmed, with ten dollars costs and disbursements, with leave to plaintiff to amend complaint on payment of said costs.