EDWARD SAUTTER, Appellant, v. BELLE FRICK and Others, as Administrators, etc., of CHARLES F. LANE, Deceased, Respondents.

PER CURIAM. This action was tried before the court without a jury. There are no findings of facts or conclusions of law, and no decision which authorized the entry of the judgment appealed from. The opinion of the trial court cannot take the place of a formal decision. The appeal should, therefore, be dismissed, and the matter remitted to the Special Term to supply the defect. (*Minner* v. *Minner*, 238 N. Y. 529; *Ventimiglia* v. *Eichner*, 213 id. 147; *Herder* v. *Clifford*, 225 App. Div. 780; *Electric Boat Co.* v. *Howey*, 96 id. 410.) All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. Appeal dismissed, without costs, and matter remitted to the Special Term to supply the defect. [133 Misc. 517.]

CHRISTOPHER DeWEIN, as Administrator, etc., of WILLIAM P. DeWEIN, Deceased, Respondent, v. LEON L. LANCASTER, Appellant.

PER CURIAM. The verdict in this case and in the case of *Robert DeWein* v. *Lancaster*, and *Christopher DeWein* v. *Lancaster*, decided herewith (*post*, p. 763), were in our opinion not inconsistent, as the burden in respect to contributory negligence was not on the same party in all three cases. It may well have been that the jury determined in this case that the evidence in this respect was evenly balanced and, therefore, found the defense of contributory negligence was not established, and at the same time determined that the burden was not borne by the respective plaintiffs to establish freedom from contributory negligence on the part of Robert DeWein in the other two cases. As to the question of inadequacy of the verdict, the subject was one peculiarly for the jury, and, considering the age of the boy, the practices in the family in the past, the outlook for the future and all the circumstances shown in the evidence, we cannot say that the jury were not justified in returning the verdict which they did. Costs are awarded under section 1491, subdivision 1, of the Civil Practice Act. All concur. Present — Sears, P. J., Taylor, Edgcomb, Thompson and Crosby, JJ. Order reversed on the law and facts and verdict reinstated, with costs to respondent.