## (March 25, 1938.)

THE BOARD OF EDUCATION OF CENTRAL SCHOOL DISTRICT NO. SIX OF THE TOWNS OF HANCOCK AND TOMPKINS, DELAWARE COUNTY, NEW YORK, Appellant, v. LESTER E. WOOLSEY, HELEN COLSON and FREE METHODIST CHURCH AT HANCOCK, NEW YORK, Respondents.— Appeal from a judgment of the Supreme Court, entered in Delaware county after a trial before the court, a jury having been

waived, dismissing the complaint, with costs. The action was brought to recover possession of certain real estate and for damages for withholding the same together with damages caused thereto. The premises in question were for many years used as a school site by common school district No. 14 of the town of Hancock, such use and occupation continuing until the district was made a part of central school district No. 6, of the towns of Hancock and Tompkins, Delaware county, N. Y. The plaintiff claims title to the premises by virtue of a deed thereto from William LaBarr and wife to the "Trustees of School District No. 14 and their successors in office (for time immemorial)." This deed bears date May 15, 1851; however, it was not recorded until August 31, 1896. In opposition to plaintiff's claim of title under the foregoing deed, defendants produced a deed to the same premises from William LaBarr and wife to Jervis B. Cottrell dated July 10, 1854, recorded February 15, 1855, which contains no reservations and recites a consideration of $700. Thus, plaintiff's deed was not recorded until over forty years after the recording of the deed to Cottrell. Cottrell, the grantee in the deed above mentioned, conveyed the premises to Philo F. Beers by deed dated March 28, 1855, recorded April 4, 1855, such conveyance containing the following: "Excepting and reserving from said premises the school house lot so long as the same is reserved for school house purposes, said lot to be only used for school house purposes." By subsequent mesne conveyances containing the same description and the same exception and reservation, the property passed to Theodore F. Stimpson, now deceased. The answer of the defendant Woolsey alleges that he acquired all the rights of Theodore F. Stimpson "by purchase of said property from the estate of Theodore F. Stimpson." After the formation of plaintiff school district in 1931, a central school house was built therein in 1932, and thereupon the premises in question which had been occupied by school district No. 14, ceased to be used for school purposes and have not been thus used since June 13, 1933. Judgment affirmed, with one bill of costs to the defendants Helen Colson and Free Methodist Church of Hancock, N. Y., and a separate bill of costs to the defendant Woolsey. The court makes the following finding of fact: That at the time of the conveyance from LaBarr to Cottrell, June 10, 1854, Cottrell had no knowledge that plaintiff was in possession of the premises, or had or claimed any right, title or interest therein; at the time of the conveyance to Cottrell plaintiff was not in possession of the premises; and its possession, use and occupation was never adverse to that of Cottrell or his successors in interest; that the defendants are not trespassers with respect to said premises, but that they entered into possession thereof in good faith and under claim and color of right and title, and that any and all occupation and possession of said premises by the defendants was and is in good faith and under claim and color of right and title. Hill, P. J., Rhodes and Crapser, JJ., concur; Hill, P. J., and Crapser, J., in a memorandum; McNamee, J., dissents, in a memorandum; Bliss, J., dissents, in a memorandum. Hill, P. J., and Crapser, J. (concurring): We concur for affirmance for the following reasons: Cottrell conveyed to Beers the entire premises which he had received from LaBarr. The deed contained the following restrictions: "Excepting and reserving from the premises the school house lot so long as the same is used for school house purposes, the said lot to be only used for school house purposes." Beers and his grantees received the entire premises owned by LaBarr except the right of possession and occupancy of the school house lot "so

long as the same is used for school house purposes." The intervening estate having terminated, through cessation of the use for school house purposes, defendants' right of occupancy eventuated as they through mesne conveyances are the owners of the estate once owned by LaBarr. McNamee, J. (dissenting): The common grantor is William LaBarr. In 1851 he conveyed to the school district, and in 1854 he conveyed to Cottrell, both deeds being absolute on their face. On the assumption that the school district was in possession of the land under its deed, the second deed was void as to it. (Laws of 1801, chap. 87.) ·The school district had not claimed title otherwise than under this deed; and it is said that there is no evidence that the possession of the school district was hostile to Cottrell's title. It seems to me that there is; because seven months after the grant to him, Cottrell conveyed to Beers, and in his deed he reserves the " school house lot." This is not only evidence, but it is an admission on Cottrell's part that the school district then had an interest in the lot and held it. The voluntary limitation in Cottrell's deed, " so long as the same is used for school house purposes," is a self-serving declaration, and not binding on the school district. The evidence is that the school district was in possession during a period of eighty years, and was in possession when Cottrell gave his deed to Beers, and the only defect in its title is that claimed by the voluntary limitation, imposed by Cottrell for the benefit of himself and his grantee. This could not divest the title of the district. Of course no one could acquire title against the public in any way except by grant from the public. If the district's title was good as against Cottrell in 1855, as he admits it was, and its possession was continuous thereafter, no one could obtain title against it, and accordingly remained absolute. The judgment should be reversed. Bliss, J. (dissenting): I dissent and vote to dismiss the appeal upon the ground that the judgment is not supported by findings of fact or a decision by the trial court. (Civ. Prac. Act, § 440; *Sautter* v. *Frick*, 227 App. Div. 760; *Conklin* v. *Currie*, 235 id. 703; *Gilman* v. *Prentice*, 132 N. Y. 488; *Ventimiglia* v. *Eichner*, 213 id. 147.)