MARTIN R. BOLTIZAR et al., Plaintiffs, *v.* SARA BREITBART, Defendant.

Supreme Court, Special Term, Queens County, June 26, 1946.

*Barnett Schilling* for defendant.

*C. Gordon Lamude* for plaintiffs.

COLDEN, J. Motion by the defendant to dismiss the complaint for legal insufficiency.

This action is brought to obtain the specific performance of a contract for the purchase by the plaintiffs' assignor from the defendant of a certain parcel of real estate situated in Flushing, borough of Queens, city of New York.

While the complaint alleges in paragraph " Sixth " that plaintiffs " have duly performed all the conditions of said agreement on their part to be performed * * * " (Rules Civ. Prac., rule 92), said paragraph and the succeeding seventh paragraph plead further facts of what plaintiffs actually did in the performance of the conditions of the agreement on their part to be performed. Attached to the complaint as Exhibit A is the contract of purchase and sale entered into between the defendant and the plaintiffs' assignor, dated August 9, 1945, and a stipulation of adjournment, dated January 30, 1946, signed by the defendant and one of the plaintiffs herein (Exhibit B). These documents, incorporated as they are in the complaint, prevail over any allegations in the pleading which may be inconsistent therewith. (*Kucker* v. *Gates Container Corp.*, 263 App. Div. 1006.)

Paragraph " 5 " of the rider attached to the contract (Exhibit A) provides as follows: " 5. The within contract of sale may be assigned by the purchaser provided that the

assignee thereof shall be a person or corporation accepted and approved by The Equitable Life Assurance Society of the United States, the holder of the mortgage now a lien on said premises, and provided further that the assignee shall assume and agree to pay the said mortgage.''

Nowhere in the complaint, however, is there any allegation that the plaintiffs or their assignor were ever " accepted and approved " by the holder of the mortgage, The Equitable Life Assurance Society of the United States, as required by the foregoing provision. The plaintiffs argue that their general allegation of due performance in compliance with the requirements of rule 92 of the Rules of Civil Practice renders the complaint adequate notwithstanding their failure to specifically allege compliance with the fifth paragraph of the rider to the contract. That would undoubtedly be so, if no attempt had been made to plead the actual facts constituting performance on the part of the plaintiffs. Since such an attempt was made, the complaint cannot be upheld unless all the conditions required to be performed by the plaintiffs have been pleaded, instead of only some of them. (3 Carmody on New York Pleading and Practice, § 931, p. 1804; *Pease Oil Co.* v. *Monroe County Oil Co.,* 78 Misc. 285, affd. 158 App. Div. 951; *Weintraub* v. *F.M.B. Realty Co., Inc.,* 196 App. Div. 525.) It follows that the motion to dismiss must be granted, with leave to the plaintiffs to plead over within ten days of the service of a copy of the order hereon with notice of entry. Submit order.