Van Voorhis, J.
The complaint alleges an oral agreement of employment of plaintiff by defendant for the year 1949, and her wrongful discharge on March 17th. In 1947, she had a formal written contract, which was extended in writing to cover the year 1948. There was no written extension for 1949. Defendant employer counterclaimed for moneys loaned. Judgment has been awarded to plaintiff, after trial by the court without a jury, for $3,994.75 damages with interest, and to defendant on its counterclaim for $781.07 and interest. No decision was made by the court except a direction that judgment be entered as just stated. At the opening of the trial, the following stipulation was entered upon the record: “It is hereby stipulated by counsel for both plaintiff and defendants that the jury be waived and that findings of fact and conclusions of law be waived and the Cqurt may render a decision accordingly.” The right of each party under section 439 of the Civil Practice Act was thereby waived to submit requests for formal findings of fact before final submission of the cause, but this stipulation did not and could not eliminate the requirement of section 440, as amended by chapter 915 of the Laws of 1936, that the trial court shall render a decision, orally in open court or in writing, which “ must state the facts which it deems essential. * * * The decision shall form part of the record.” (Italics supplied.)
Since the amendment of section 440 in 1936, such stipulations have frequently been made in actions tried by the court without a jury, and we take this occasion to discuss the question of practice in relation to this and other similar cases.
*662 There has been a long and controversial history in this State •concerning the necessity of distinguishing between determinations of fact and of law, and the extent to which findings and conclusions thereon are to be made explicit in the decisions of the courts. Where trial is by court and jury, one can know how the facts have been decided from the verdict in the context of the charge of the court, which defines the questions of fact that have been submitted. But where there has been no jury trial, the record contains no charge setting forth the factual controversies which have been decided by the court and deemed essential to its determination. Under the old short-form decision, it was held that all of the facts warranted by the evidence and necessary to support the judgment were presumed to have been found (Amherst College v. Ritch, 151 N. Y. 282; Petrie v. Trustees of Hamilton College, 158 N. Y. 458). It was thus rendered more difficult to know what had been decided by the court alone, than by the court and jury. The short-form decision ran counter to time-honored practice, and had been held to be inconsistent with intelligent review upon appeal long before the jurisdiction of the Court of Appeals was limited in whole or in large part to the review of questions of law (Bridger v. Weeks, 30 N. Y. 328; Wood v. Lary, 124 N. Y. 83). That procedure proved to be so unsatisfactory that by chapter 85 of the Laws of 1903 the short-form decision was abolished and specific findings of fact and conclusions of law became once more the exclusive practice, and the trial court was required to pass upon each and every request for such determinations which might be submitted by either party before decision. The practice thus went from one extreme to the other, and in 1936 a change was again made. The Judicial Council had recommended reverting to the old short-form decision, by amending section 440 of the Civil Practice Act to conform in this respect to section 1022 of the Code of Civil Procedure as amended in 1894 (Second Annual Report of N. Y. Judicial Council, 1936, pp. 203-211). The Legislature modified this recommendation, however, by requiring that the court in making a decision shall “ state the facts which it deems essential”, instead of merely filing “ an opinion which shall state concisely the grounds upon which the case is decided.” The latter was the formula of the short-form decision which had been construed in Amherst College v. Ritch (supra). The intention was evidently to obviate the presumption on appeal, which had been indulged in Amherst College v. Ritch and similar cases, that all facts would be deemed to have been found that were warranted by the evidence and were *663 necessary to support the judgment. A statement, however informal, of the ultimate facts deemed material to support the conclusions of law embodied in the judgment, was regarded not only as enabling the parties better to understand what had been decided but also as rendering more effective the review of judgments and final orders on appeal. Determinations of fact by the trial court are upheld in the Appellate Division unless they are against the weight of evidence, and otherwise are not disturbed, in the exercise of the power of the Appellate Division to reverse findings and make new determinations of fact (Lamport v. Smedley, 213 N. Y. 82) and to render the judgment which the facts warrant (York Mortgage Corp. v. Clotar Constr. Corp., 254 N. Y. 128, 133). The Court of Appeals exercises similar power where the Appellate Division has made new findings of fact and conclusions of law in reversing or modifying a final judgment or order, but otherwise, in civil cases, its jurisdiction is limited to questions of law (Civ. Prac. Act, § 605). In reversing, the Appellate Division is required in its order to state whether its determination is upon the law, or upon the facts, or upon the law and the facts (Civ. Prac. Act, § 602). The appellate courts are thus required constantly to carry in mind whether such determinations below have been made upon the facts or upon the law, and to uphold determinations of fact unless they are against the weight of the evidence, whereas an appellant has no corresponding burden to sustain in reviewing a ruling upon a question of law. Distinguishing between fact and law in the trial court conduces to doing so upon appeal, and aids analysis in all courts.
For these reasons, as well as to enable litigants more readily to understand how issues of fact have been resolved, thb Legislature in amending section 440 of the Civil Practice Act in 1936 saw fit to follow a middle course between the unnecessary and burdensome formality of the previous practice, and the amorphous procedure associated with the short-form decision in use between 1894 and 1903.
The 1936 amendment was thus characterized by the Appellate Division in Metropolitan Life Ins. Co. v. Union Trust Co. (268 App. Div. 474, 478-479, affd. 294 N. Y. 254): “The 1936 amendment (L. 1936, ch. 915) to section 440 of the Civil Practice Act eliminated the requirement that the court ‘ must state separately the facts found and conclusions of law.’ (See Matter of Joroco Silk Corporation v. Nova, 265 App. Div. 1061; Hamer v. Flatto, 170 Misc. 560; Grace v. Corn Exchange Bank Trust Co., 171 Misc. 522.)
*664 “ The present requirement is that the court 1 must state the facts which it deems essential.’ That obviously means the facts upon which the rights or liability of the parties depend and does not include evidentiary facts which are merely relevant to the facts which determine the rights or liability of the parties. (See Shaffer v. Martin, 20 App. Div. 304.) ”
A statement of such facts may now be contained in the opinion of the trial court which formerly could not be availed of for that purpose (Sautter v. Frick, 227 App. Div. 760).
In many instances procedural stipulations by attorneys are followed by the courts. Such stipulations are not in every respect binding upon the courts, however, which may and should depart from them where they interfere with orderly procedure or would preclude intelligent review on appeal (Korytkowski v. Greniewicki, 220 App. Div. 237; Manhasset Point Co. v. Wright, 125 App. Div. 470).
A statement of the essential facts determined has been held to be a requisite in the case of quasi-judicial tribunals (Matter of Scudder v. O’Connell, 272 App. Div. 251). It is a requisite also of a decision by a court.
As has been stated, the right of each party to submit requests before decision for formal findings of fact and conclusions of law, is subject to waiver under section 439, but not the basic requirement of section 440.
From 1903 to 1936 it was held that without separate findings of fact, no judgment could be entered except for nonsuit (Ring & Son v. Winola Worsted Yarn Co., 228 N. Y. 127; 4 Carmody on New York Practice, p. 3194). Now that formal findings have been dispensed with by statute, there is no occasion to go still farther in dispensing by stipulation with the statement of essential facts which the statute still requires. The latter cannot be eliminated by consent any more than formal findings could thus have been done away with before the amendment to section 440 in 1936. The Legislature declined to restore the short-form decision by that amendment, as it had existed from 1894 to 1903; it may not be restored by stipulation of the parties or their counsel.
In the action at bar, no statement of essential facts found is contained in the decision, except that judgment is directed to be entered in the amounts above mentioned upon the claim of the plaintiff and the counterclaim of the defendant. The factual issues in some actions may be simple enough so that a decision in this form would establish by necessary inference the essential facts found. Ordinarily that is not so, nor do we think that one *665 can ascertain from this decision what contested facts were deemed to have been established, npon which the conclusions of law were based that plaintiff and defendant should recover against each other in the amounts designated. It is impossible to compute from the figures in evidence how the various questions of fact were determined on which the recoveries depended, even though it may be inferred that the decision imports that plaintiff was employed by defendant for a year upon some basis, and that defendant’s contentions were overruled that she was hired upon a weekly basis and that she abandoned her employment. The decision also implies that the trial court found that defendant’s offer to plaintiff of March 29, 1949, to “ resume your employment here, under the same terms and conditions as heretofore ” was presented in bad faith, in view of plaintiff’s testimony that defendant refused her ensuing request for a written contract embodying the terms of her alleged oral employment. If it be assumed that these facts were decided in this manner (although preferably they should have been stated at least in an informal decision under section 440), there is no disclosure upon what basis plaintiff’s claim was reduced to $3,994.75, or defendant’s counterclaim to $781.07. The counterclaim was to recover moneys alleged to have been advanced to plaintiff for entertaining customers to aid in her sales efforts. She received more than defendant was allowed to recover on its counterclaim. There is nothing to indicate the purposes for which moneys were found to have been advanced to plaintiff or spent by her that were deemed to be recoverable by defendant, or to have been applied by plaintiff to defendant’s business purposes, or on what factual distinctions recovery to defendant was allowed or disallowed.
Plaintiff testified that she went to work for another employer at the same salary (although without being paid commissions) about April 4th, which was approximately two weeks after she claimed to have been discharged by defendant. For this employer she testified that she worked ten or eleven weeks, on account of which she stated that she received $1,650. From July 15th until the end of 1949, she testified that she worked for still another employer, also at the same salary paid to her by defendant (although without her receiving commissions), during which period she admits that she was paid $3,750. Inasmuch as the evidence showed that $1,175.39 was the amount of additional commissions which she would have received from defendant if her employment by it had continued throughout the year, her recovery in as large an amount as was directed is unex *666 plained, regardless of whether she was charged with the salary which she received from her second employer after defendant, for the period from July 15 through December 31, 1949. She testified'that she invested $5,000 in that concern for the purchase of stock, on which she still owes more money, but the record is silent concerning whether these payments which she received constituted remuneration for her personal services without relation to her stock investment, or whether her employment there was conditioned upon her making such investment, or if her receipts represented some return of capital which she supplied. Whatever might have been the effect of such evidence, if it had been introduced, in the absence of it we must assume that the $3,750 which she received from this source was in payment for services.
Inasmuch as the amounts awarded do not furnish a key to the basis on which the cause was decided, we think that the action should be remitted to the Justice by whom it was tried to make an appropriate determination of the facts found which are deemed essential to the conclusions reached, pursuant to section 440 of the Civil Practice Act. That is the usual practice in such situations (Fuller v. Galeota, 268 App. Div. 949). In the case cited, the court said: ‘ ‘ There was no decision either oral or in writing stating the facts which the court deemed essential to authorize the entry of judgment as required by section 440 of the Civil Practice Act. The judgment was prematurely entered. (Hall v. Beston, 13 App. Div. 116; Dobbs v. Brinkerhoff, 98 App. Div. 258.) Under the peculiar facts in this case.we reverse the judgment and remit the matter to the Trial Term to make a decision and enter a proper judgment in accordance with the statute. (Smith v. Geiger, 202 N. Y. 306; Ventimiglia v. Eichner, 213 N. Y. 147; Herder v. Clifford, 225 App. Div. 780; Sautter v. Frick, 227 App. Div. 760.) ” (See Shaul v. Fidelity & Deposit Co. of Maryland, 131 Misc. 401.)
The judgment appealed from should be reversed, without costs, but with printing disbursements allowed to the appellant, and the action remitted to the Trial Justice to proceed in accordance with this opinion.
Peck, P. J., Glennon, Dore and Cohn, JJ., concur.
Judgment unanimously reversed, without costs, but with printing disbursements to the appellant, and the action remitted to the Trial Justice to proceed in accordance with the opinion herein, Settle order on notice.